FILED

IN THE UNITED STATES DISTRICT COURT 2018 JUN 12 PM 1: 56
MIDDLE DISTRICT OF FLORIDA        U. DISTRICT COURT
ORLANDO DIVISION        MIDDLE DISTRICT OF FLORIDA
                        ORLANDO, FLORIDA

VICTOR RODRIGUEZ AND                    CASE NO.:
ELIZABETH RODRIGUEZ
                                        6:18-CV-918-ORL-41-DCT

    Plaintiffs,

vs.

CONVERGENT OUTSOURCING, INC,            <u>DEMAND FOR JURY TRIAL</u>

    Defendant

_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, VICTOR RODRIGUEZ and ELIZABETH RODRIGUEZ (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, CONVERGENT OUTSOURCING, INC, (hereafter "Defendant"), and state as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

1

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

**FACTUAL ALLEGATIONS**

4.    Plaintiffs are individuals residing in Osceola County, Florida.

5.    Plaintiffs are consumers as defined by the FCCPA, Fla. Stat. § 559.55(2) and the FDCPA, 15 U.S.C. § 1692(a)(3).

6.    Defendant is a foreign profit corporation as registered with the Florida Department of State, Division of Corporations and does business throughout the state of Florida, including Osceola County, Florida.

7.    Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and the FDCPA, 15 U.S.C. §1692a(4),.

8.    Defendant is a "debt collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and FDCPA, 15 U.S.C. § 1692a(6).

9.    Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

10.    The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Osceola County, Florida, by the Defendant's placing of telephone calls to Plaintiffs' cellular telephones in an attempt to collect a debt.

11.    The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6) and FDCPA, 15 U.S.C. §1692a(5).

2

12.     Plaintiffs revoked any prior express consent for Defendant to contact Plaintiffs via cell phone or any other form of communication on April 18, 2017 when Plaintiffs verbally advised Defendant that they were not the party Defendant was attempting to contact and advised Defendant to stop calling their cellular telephones.

13.     On April 21, 2018, Plaintiffs again advised Defendant that it was contacting the wrong party and revoked any prior express consent for Defendant to contact Plaintiffs via their cellular telephones.

14.     The phone calls Defendant made to Plaintiff, VICTOR RODRIGUEZ, were made in an effort to reach Plaintiff, ELIZABETH RODRIGUEZ, and all phone calls Defendant made to Plaintiff, ELIZABETH RODRIGUEZ, were made in an effort to reach Plaintiff, VICTOR RODRIGUEZ.

15.     Plaintiffs continued to advise Defendant that they were not the party it was attempting to contact and requested Defendant stop calling their cellular telephones.

16.     On May 12, 2017, Plaintiff, VICTOR RODRIGUEZ, sent a letter via facsimile transmission to Defendant's fax number, 206-322-4838, in order to revoke any alleged prior express consent to be contacted via cellular telephone.

17.     In addition to directing Defendant to no longer call his cellular telephone or the cellular telephone of any party who may be listed on his alleged account, Plaintiff, VICTOR RODIRGUEZ, provided the contact information for his attorney and directed any and all communications to his attorney.

18.     Despite Plaintiffs revoking any alleged consent for Defendant to call their cellular telephones both verbally and in writing, Defendant continued to call Plaintiffs' cellular telephones.

3

19.     All calls to Plaintiffs' cellular telephones were made without the "prior express consent" of Plaintiffs.

20.     Plaintiff, VICTOR RODRIGUEZ, is the regular user and carrier of the cellular telephone number ending in -9692 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

21.     Plaintiff, ELIZABETH RODRIGUEZ, is the regular user and carrier of the cellular telephone number ending in -9803 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

22.     Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiffs to cease any and all calls and after Plaintiffs advised Defendant it was calling the wrong party.

23.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiffs' cellular telephones.

24.     The following phone number, including, but not limited to, 203-937-2870, is a phone number Defendant used to call Plaintiffs' cellular telephones.

25.     Defendant called Plaintiffs' cellular telephones up to three (3) times per day despite Plaintiffs revoking consent to be contacted.

26.     Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiffs.

27.     Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

4

28.     Plaintiffs did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiffs after Plaintiffs answered the telephone call.

29.     Some of the representatives who called Plaintiffs' cellular telephone sounded like an artificial or pre-recorded voice.

30.     The calls from Defendant to Plaintiffs' cellular telephones continued despite Plaintiffs expressly advising Defendant they were not the party it was attempting to call and requesting that Defendant cease calling them.

31.     None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

32.     None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

33.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

### COUNT I
### VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

34.     Plaintiffs incorporate all allegations in paragraphs 1-33 as if stated fully herein.

35.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

36.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiffs with such frequency as can reasonably be expected to abuse or harass Plaintiffs.

37.     Specifically, Defendant continued to make numerous telephone calls to Plaintiffs' cellular telephones after being notified to no longer call Plaintiffs through any means.

38.     Defendant also continued to call Plaintiffs' cellular telephones after being advised that it was calling the wrong party.

**WHEREFORE**, Plaintiffs, VICTOR RODRIGUEZ and ELIZABETH RODRIGUEZ, demand judgment against Defendant, CONVERGENT OUTSOURCING, INC, for the following relief:

      a.      any actual damages sustained by Plaintiffs as a result of the above allegations;

      b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

      c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

      d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

      e.      any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

39.      Plaintiffs incorporate all allegations in paragraphs 1-33 as if stated fully herein.

40.      Defendant violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

41.      Specifically, Defendant caused Plaintiffs' cellular telephones to ring repeatedly or continuously after it knew that it did not have consent to contact Plaintiffs via their cellular telephones.

42.      The phone calls also continued despite Plaintiffs advising Defendant it was calling the wrong party.

43.     Defendant's acts, as described above, were done intentionally with the purpose of annoying, abusing, or harassing Plaintiffs.

**WHEREFORE**, Plaintiffs, VICTOR RODRIGUEZ and ELIZABETH RODRIGUEZ, demand judgment against Defendant, CONVERGENT OUTSOURCING, INC, for the following relief:

        a.     any actual damages sustained by Plaintiffs as a result of the above allegations;

        b.     statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

        c.     in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

        d.     any other relief the Court deems just and proper.

**COUNT III**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)**

44.     Plaintiffs incorporate all allegations in 1-33 as if stated fully herein.

45.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

46.     Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiffs after it knew Plaintiffs were represented by counsel and could reasonably ascertain the name and address of counsel.

47.     Specifically, Defendant continued to place phone calls to Plaintiffs' cellular telephones despite having actual knowledge that Plaintiffs were represented by an attorney.

**WHEREFORE**, Plaintiffs, VICTOR RODRIGUEZ and ELIZABETH RODRIGUEZ, demand judgment against Defendant, CONVERGENT OUTSOURCING, INC, for the following relief:

    a.    any actual damages sustained by Plaintiffs as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

    e.    any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

48.    Plaintiffs incorporate all allegations in paragraphs 1-33 as if stated fully herein.

49.    Defendant violated the FDCPA, 15 U.S.C. § 1692c(a)(2), when it knowingly communicated with Plaintiffs after it knew Plaintiffs were represented by counsel and could reasonably ascertain the name and address of counsel.

50.    Specifically, Defendant continued to place phone calls to Plaintiffs' cellular telephones despite having actual knowledge that Plaintiffs were represented by an attorney.

**WHEREFORE**, Plaintiffs, VICTOR RODRIGUEZ and ELIZABETH RODRIGUEZ, demand judgment against Defendant, CONVERGENT OUTSOURCING, INC, for the following relief:

a.      any actual damages sustained by Plaintiffs as a result of the above allegations;

b.      statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

c.      in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

d.      any other relief the Court deems just and proper.

## COUNT V
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

51.     Plaintiffs incorporate all allegations in paragraphs 1-33 as if stated fully herein.

52.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

53.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

54.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

55.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, VICTOR RODRIGUEZ and ELIZABETH RODRIGUEZ, demand judgment against Defendant, CONVERGENT OUTSOURCING, INC, for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiffs' revocation;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

## **VERIFICATION**

Under penalty of perjury, I have read the foregoing and it is true and correct.

VICTOR RODRIGUEZ

ELIZABETH RODRIGUEZ

Date: 5-31-2018

**BOSS LAW**

**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@bosslegal.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 449-8792
**Attorney for Plaintiffs**